## STATE v. LEE A. ARMSTRONG.

163 N. W. (2d) 67.

November 29, 1968—No. 40975.

*C. Paul Jones*, State Public Defender, and *Robert E. Oliphant*, Assistant State Public Defender, for appellant.

*Douglas M. Head*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction of the crime of aggravated robbery.

Upon appeal, it is contended:

(1) That the evidence is insufficient to support the conviction.

(2) That the trial court erred in receiving in evidence a revolver found at the scene of the alleged offense.

(3) That a portion of the closing argument made by the prosecution was improper and prejudicial.

(4) That defendant was denied adequate counsel at his trial because the attorney who represented him insisted that defendant refrain from taking the witness stand in his own behalf.

■ There was evidence from which the jury could find that defendant and two others confronted Melvin O. Nelson and Kent Norman Sundseth at approximately 2:30 a. m. on May 7, 1966, as they were leaving a house in the vicinity of 14th Street and Girard Avenue North in Minneapolis, Minnesota, and held them up at gunpoint, relieving the victims of their billfolds. One of the persons who displayed a loaded gun at the time was defendant. The robbers ordered their victims to a place in the street where Nelson's car was parked. They were standing there, hands upraised, when a patrol car came upon the scene. The police promptly arrested defendant and one of his companions. The third, who had apparently entered the Nelson car in order to search it for things of value while the other two held Nelson and Sundseth in the street, escaped.

The elements of aggravated robbery as applied to this case are: (1) The taking of personal property from the person of another by one who knows he is not entitled thereto; (2) the use of a dangerous weapon to overcome possible resistance. Minn. St. 609.24 and 609.245.

It is clear from the evidence reviewed that defendant took personal property from the person of another knowing that he was not entitled to it and that in the process he pointed a dangerous weapon, a loaded revolver, at his victim thereby overcoming possible resistance.

■ When the police arrived, defendant apparently attempted to get rid of his revolver by throwing it away. The police officers looked in the area where it was thrown and recovered it. It was not error to receive the gun in evidence even though defendant's fingerprints were not discernible on it.

■ The closing argument of the prosecuting attorney was not prejudi-

cial. To say, in effect, that if the police had not fortuitously arrived, the victims would have been in an extremely hazardous situation was no more than articulation of the obvious.

■ Defendant did not take the witness stand on his own behalf. We are not prepared to say that a defendant advised to remain off the witness stand has been ill served by his attorney. There is nothing in the record before us to demonstrate that the advice, if given, was without good reason.

Affirmed.